# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0765** (Jackson County 17-F-59)

**Bryan R.,**
**Defendant Below, Petitioner**

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bryan R., by counsel Shawn D. Bayliss, appeals the Circuit Court of Jackson County's July 30, 2018, order sentencing him to an aggregate fifteen-to-forty-five-year term of incarceration for his conviction of one count of sexual abuse by a parent, guardian, custodian or person in position of trust and one count of first-degree sexual abuse.[1] The State of West Virginia, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court's plea colloquy failed to show that petitioner's guilty plea was voluntarily given and that the circuit court's imposition of a fifty-year term of extended supervision was disproportionate to the crime for which he was sentenced.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, petitioner was indicted on thirty-one counts of first-degree sexual assault; ten counts of second-degree sexual assault; thirty-one counts of first-degree sexual abuse; twenty-one counts of sexual abuse by a parent, guardian, custodian or person in a position of trust; twenty counts of incest; and twenty counts of use of obscene material to seduce a minor.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In March of 2018, the parties indicated that a plea agreement had been reached and the circuit court held a plea hearing.[2] The State advised the court that petitioner agreed to enter a *Kennedy*[3] plea to one count of sexual abuse by a parent, guardian, custodian or person in a position of trust[4] and one count of first-degree sexual abuse.[5] Additionally, the State noted that petitioner would be subject to sex offender registration for life and supervised release pursuant to West Virginia Code § 62-12-26.[6] In exchange for petitioner's guilty plea, the State agreed to dismiss the remaining counts of the indictment. Petitioner and his counsel acknowledged and agreed to those terms during the hearing.

Upon further inquiry of the court, petitioner stated that he graduated high school and attended one year of college classes, could read and write, and was not under the influence of any

---

[2]In the interest of including facts relevant only to petitioner's assignments of error on appeal, the procedural history of this case has been substantially abridged.

[3]*Kennedy v. Fraizer*, 178 W. Va. 10, 357 S.E.2d 43 (1987).

[4]West Virginia Code § 61-8D-5(a) provides

> If any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, notwithstanding the fact that the child may have willingly participated in such conduct, or the fact that the child may have consented to such conduct or the fact that the child may have suffered no apparent physical injury or mental or emotional injury as a result of such conduct, then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony and, upon conviction thereof, shall be imprisoned in a correctional facility not less than ten nor more than twenty years, or fined not less than $500 nor more than $5,000 and imprisoned in a correctional facility not less than ten years nor more than twenty years.

[5]West Virginia Code § 61-8B-7(c) provides that "the penalty for any person . . . who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisonment for not less than five nor more than twenty-five years and fined not less than one thousand dollars nor more than five thousand dollars."

[6]West Virginia Code § 62-12-26(a) provides, in relevant part, that

> any defendant convicted . . . of a violation of section twelve, article eight, chapter sixty-one of this code or a felony violation of the provisions of article *eight-b*, eight-c or *eight-d* of said chapter shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years.

(Emphasis added.)

controlled substance or being treated for any medical conditions. Petitioner further acknowledged that he was the person named in the indictment, and that he understood the charges contained therein. Counsel presented prepared documents in support of petitioner's guilty plea that illustrated the effect and his understanding of his guilty plea and petitioner signed the final page during the proceeding.[7] Thereafter, the circuit court advised petitioner of his constitutional rights that would be waived if he entered into the plea agreement, which petitioner stated that he understood. Finally, the circuit court asked the State what would be proven if petitioner's charges went to trial and the State relied on the evidence provided in discovery. Petitioner stated that he had reviewed the evidence with counsel and that he believed a jury could convict him of the charges in the indictment based on that evidence. Ultimately, the circuit court found that petitioner "freely, voluntarily, and intelligently waived his constitutional rights and tendered to this [c]ourt both his written and oral plea of guilty to the felony offenses" and the court also found "that there is a factual basis to support this guilty plea." The circuit court ordered a presentence investigation report and continued sentencing.

In July of 2018, the circuit court held a sentencing hearing. Following minor corrections to the presentence investigation report and arguments of counsel, the circuit court sentenced petitioner to consecutive sentences of not less than ten nor more than twenty years for the count of sexual abuse by a parent, guardian, custodian or person in a position of trust and not less than five nor more than twenty-five years for the count of first-degree sexual abuse. The circuit court further imposed fifty years of extended supervised release. The circuit court's decision was memorialized in its July 30, 2018, sentencing order. Petitioner now appeals this order.

Petitioner first argues that the circuit court's plea colloquy was insufficient in eliciting whether his plea was freely, voluntarily, and intelligently given. This Court outlined the procedures a circuit court should employ to ensure the voluntariness of a plea in *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975). Specifically, we stated that

> [t]he trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

*Id.* at 191-92, 220 S.E.2d at 667, syl. pt. 3. Additionally, when a defendant pleads guilty pursuant to a plea bargain, "the trial court should spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading

---

[7]Petitioner did not include these forms in the record on appeal.

guilty and whether there is any pressure upon him to plead guilty other than the consideration admitted on the record." *Id.* at 192, 220 S.E.2d at 667-68, syl. pt. 4. Finally,

> [a] trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court or a trial court proceeding in [*h*]*abeas corpus* that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

*Id.* at 192, 220 S.E.2d at 668, syl. pt. 5. Curiously, petitioner argues "[a] review of the limited record in this case indicates that the trial court's inquiry of [petitioner], under the circumstances of most cases, would have been adequate to satisfy the *Call* requirements to ensure protection of a defendant's constitutional rights." However, petitioner distinguishes his circumstances from most cases in that the State relied only on evidence provided in the record below, rather than a description of that evidence, and the circuit court did not inquire into counsel's investigation in the case. Further, the circuit court asked petitioner "yes" or "no" questions during the colloquy. Petitioner argues that "it would be vastly superior" if the circuit court engaged petitioner in such a way that he reiterated his understanding of his constitutional rights. Finally, petitioner argues that the imposition of supervised release was mentioned only during the terms of the plea agreement, and the circuit court erred in failing to fully inform him of the effect of supervised release. Notably, petitioner does not argue that he gave his plea involuntarily, gave it under duress, or that his decision was based on the poor advice of counsel. Petitioner essentially argues that "by definition he could not have knowingly and intelligently entered his plea of guilty." Upon review, we find that the circuit court did not err.

Here, the circuit court's plea colloquy sufficiently informed petitioner of the terms of his plea agreement, the basis for the charges, and the constitutional rights that he waived in entering a *Kennedy* plea to the charges. As required by *Call*, the circuit court "spread upon the record" the terms of petitioner's plea agreement, his education, and his lack of impairment in deciding to plead guilty. Those terms included a requirement to register as a sex offender and comply with the terms of supervised release, and petitioner acknowledged those terms. The circuit court also properly informed petitioner of the constitutional rights he would waive by pleading guilty, as listed in syllabus point three of *Call*. Although petitioner claims that the circuit court's use of only "yes" or "no" questions was error, he cites to no authority that requires the type of open-ended questioning that he requests on appeal. Further, the State's basis for the charges was proper. Despite petitioner's characterization of the record as "limited," the evidence on which the State relied was filed as discovery, provided to petitioner and his counsel, and reviewed by petitioner with counsel. Petitioner cites to no authority that requires a more extensive recitation of evidence, or, for that matter, that the circuit court elicit testimony of counsel's trial strategy or investigation. Finally, petitioner alleges no actual confusion as a result of the plea hearing. Petitioner does not argue that he did not understand the terms of the plea, the rights he was waiving, or the charges to which he pled. Petitioner offered no objections to trial counsel's performance in resolving these charges. There is no evidence in the record on appeal that petitioner's plea was not voluntarily given. Accordingly, we find no error in the circuit court's conclusion that petitioner's plea was voluntarily given.

Petitioner also argues that the circuit court's imposition of fifty-years of supervised release is cruel and unusual and disproportionate to the crimes he committed. First, we note that this Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citations omitted). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Petitioner concedes that his sentence of incarceration is within statutory limits and not based on some impermissible factor. Therefore, we find no error in the circuit court's imposition of those sentences. In regard to his allegation that the fifty-year period of supervised release is disproportionate to his crimes, petitioner acknowledges that this Court has "repeatedly held that West Virginia Code § 62-12-16 . . . is not facially unconstitutional on cruel and unusual punishment grounds." Indeed, this Court fully addressed this constitutional argument in *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011). In syllabus point nine of *James*, we held that

> West Virginia Code § 62-12-26 (2009) does not facially violate due process principles of the Fourteenth Amendment to the Constitution of the United States or Article III, Section 10 of the Constitution of West Virginia. The terms of the statute neither infringe upon a criminal defendant's right to jury determination of relevant factual matters, nor are the provisions of the statute regarding conditions of unsupervised release unconstitutionally vague.

*Id.* at 411, 710 S.E.2d at 102. Furthermore, we held in syllabus point six of *James* that:

> West Virginia Code § 62-12-26 (2009) is not facially unconstitutional on cruel and unusual punishment grounds in contravention of the Eighth Amendment to the United States Constitution or Article III, § 5 of the West Virginia Constitution.

*Id.* at 410, 710 S.E.2d at 101. We further noted in *James* that

> the Legislature has determined that in order to adequately protect society, the crimes enumerated in the supervised release statute require community-based supervision and treatment over and above incarceration. Supervised release is a method selected by the Legislature to address the seriousness of these crimes to the public welfare and to provide treatment during the transition of offenders back into society with the apparent goal of modifying the offending behavior. Similarly, we fail to see that the provisions of the supervised relief statute as facially flawed because they unfailingly result in a disproportionate punishment in consideration of the nature of the offenses committed. The appropriate period of transition through supervised release in each case is largely left to the determination and sound discretion of the sentencing court.

*Id.* at 416, 710 S.E.2d at 107. We decline petitioner's invitation to reconsider these prior holdings regarding West Virginia Code § 62-12-26. In this case, the circuit court's imposition of supervised release is within statutory limits and, given the facts and circumstances of this case, we find no abuse of discretion in the fifty-year term of supervised release imposed.

For the foregoing reasons, the circuit court's July 30, 2018, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  January 17, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison